COOKS, J.,
dissenting.
Ill respectfully dissent from the majority opinion finding Plaintiff failed to meet his burden of proving his on-going back complaints were causally linked to Defendant’s negligence. In Davis v. Odeco, Inc., 18 F.3d 1237, 1244 (5th Cir.1994), cert. denied, 513 U.S. 819, 115 S.Ct. 78, 130 L.Ed.2d 32 (1994), the court concluded a plaintiff “is entitled to recover under the Jones Act if he adduced probative evidence that [the defendant’s] negligence played any part-however small-in the development of his condition.” The majority acknowledges Plaintiff is entitled to rely on this easier, slight or featherweight standard of proof, but concludes he was unable to meet this burden at trial. I disagree.
The testimony and medical evidence in this case indicated, subsequent to the accident, Plaintiff suffered severe back problems, culminating with the performance of an anterior lumbar fusion at the L4-5 level. The hospital records reflect Plaintiff complained of severe back pain at the Emergency Room visit following the collision. The ensuing medical records establish continual complaints regarding his back. Plaintiffs back treatment could not begin until his lung and rib injuries were stabilized. Conservative treatment was unsuccessful, leading to the performance of the lumbar fusion.
|2The medical records also reflected that Plaintiff had past problems regarding his back. The trial court concluded the “history of Plaintiffs medical problems disclosing recurrent bouts with the same lower back pain even negates the proposition that a latent problem was made symptomatic by his accident.” I disagree. Although the record makes it clear Plaintiff suffered from prior back problems, it seems obvious the accident caused “a latent problem [to become] symptomatic.” The captain of the boat specifically testified that Plaintiff had no problem performing heavy manual labor prior to the accident, and was one of his best and strongest workers. Thus, I find it hard to accept that the undisputedly severe collision did not substantially exacerbate Plaintiffs back problems.
Considering the record, Plaintiff, in my view, easily met the burden of showing slight or featherweight evidence of a causal link between the subsequent back problems he continues to experience and the accident in question. I cannot simply disregard the trial court’s use of the term “preponderance of the evidence” as “unfortunate and inappropriate language” as the majority elects to do. In contrast, I believe this language evidences that the trial court erroneously held Plaintiff to a higher burden of proof rather than the “feather *720 weight” Jones Act burden the courts have stated is required in this case. The majority compounds this error on appeal by acknowledging Plaintiff suffered back pain as a consequence of the accident, warranting an increase in the general damage award, but refusing to allow his recovery for the underlying injury that precipitated the pain.